I'd like to recognize and thank Chief Judge James Holderman, the Chief Judge for the United States District Court for the Northern District of Illinois v. Chicago. He assisted us yesterday and today, as other district judges have done. He, as the Chief Judge, has many extra duties, and so he felt really appreciative of his generosity at the time, and I want to assist our courts in thanking Judge Holderman. Thank you. The list today has a total of five cases on it. Two of them are being submitted without argument on the briefs later today. They are Appeal No. 06-3426, Eisinger v. Merritt System Protection Group, and Appeal No. 07-3102, Bloom v. Department of the Army. And the three case arguments will be argued first in Appeal No. 06-1522, Hif Bio v. Yung Shin. Mr. Rhodes, good morning to you. Welcome. Good morning. Please proceed. May it please the Court. The District Court should grant a judgment in favor of CTI and dismiss Hif Bio's complaint. The basis of Hif Bio's complaint and each cause of action alleged is criminal. It's not the issue of jurisdiction. Not the merits of the lawsuit. It is jurisdiction, and that's what I'm going to get to. So we have a reunion to the State Court, so all the claims other than the brief are fine. That's correct, Your Honor. Now, wouldn't that normally be a question that we would ask ourselves? Did the District Judge abuse his discretion in remanding the remaining claims back to the State Court? Well, the issue here has to do with the remand order itself, which remanded the cause of action to the State Court on a conventionship issue. Well, I'm asking about the standard of review, trying to get that straight first. My understanding of the law is that that question, remandability, is reviewed for abuse of discretion by us. That is my understanding as well, Your Honor. So then you have to convince us that in remanding, the judge abused his discretion. It's a very deferential standard. It's not easy to demonstrate. Well, in remanding the case to the State Court, we effectively were put out of court on an issue of substantial patent law. So we weren't put out of court, we were put into a State Court on a certain specific claim. The federal courts remain open in the future. If there are patents issued and there's a contest about the proper inventorship of issued patents, that will be livable in the district court at that time. But my understanding is that under the law of convention, the issue of inventorship is a matter of federal patent law. Well, there can only be an issue of inventorship in the normal sense, I would think, if either there is an interference declared in the patent law, or there's an issued patent which is being attacked for improper inventorship. And we don't have either of those circumstances here, right? And I think that's actually the crux of the problem. In that way, we don't have either of those circumstances here. No, we do not have any issued patents at issue. Nor do we have a declared interference. Nor do we have a declared interference. So then how is it that we have an inventorship issue in the normal usage of the term inventorship issue? Because the crux of their complaint is their allegation that we submitted, CTI submitted, a patent application to the United States Patent and Trademark Office, and in connection with that application, we submit declarations of inventorship. Well, that may be the crux in the sense that you consider that the core. But as I read the complaint, it concerns lots more than that. They complained that opportunities to get venture capital funding and many other things like that were compromised by the usage made by Dr. Tang and his associates of various documents sent to them from Korea by Dr. Park. Obviously, I have no idea what happened or who's right or who's wrong or who owns what or whether there were confidentiality agreements implied or in fact or anything of that sort. But just on the face of it, their lawsuit seems to address, as it's erased, all these documents sent seriously from Korea to Taiwan and the usage made of the recipient of those documents, not only in the patent office but in other places as well. So you may be right that the crux has to do with the filing of the patent, but the lawsuit goes way beyond that. And it's the lawsuit, the complaint, that's being remanded. Well, I think the problem is that they're asking the California State Court to make a determination of inventorship. Well, in the normal sense, because there are no claims with respect to which to determine inventorship. And that's the problem that I see. Let's put aside inventorship and say you're right about inventorship. But why isn't there a legitimate state court lawsuit with respect to the ownership of all those documents sent from Korea by Park to Tang in Taiwan? Well, there may be an issue regarding ownership. Why doesn't that support the lawsuit regardless of whether there's an illicit inventorship issue, maybe also buried somewhere in the lawsuit? Well, my understanding is that if there's a substantial question of federal patent law, then that means that this case should be in the federal district court. That's a final point. If it's the ownership, there isn't any federal patent issue. There are implied contract issues, I suppose. But I don't see any federal patent, true patent issues if we're talking about the ownership of a series of notebooks sent to Taiwan. But that's not what they're talking about in terms of ownership. They're saying that we took their invention. Well, they're saying that you took the documents and their content and appropriated and misused those documents and their content in various ways, including the federal government. But it seems to me that there's a legitimate question of who's the rightful owner of the documents and their content. But that's not what they implied in their complaint. They said that we misappropriated the invention. And the act that they pointed to was a submission of the Declaration of Inventorship. They also pointed to communications that were made with various funding sources. That's also part of the lawsuit. So there's an ownership issue as to whether it was illicit to be conveying information in those notebooks and other documents to lenders and capital providers. I understand that. But as to each cause of action that they have alleged in their complaint, it's premature because in order to get to those allegations and to fully adjudicate those issues, there has to be a determination of whether or not CTI of applications may correct its interests. Well, how is that? To the extent that Washington deals with communications to bankers of information contained in notebooks sent over to Taiwan, how does that involve any type of issue? The only communication, public communication, that they have pled in their complaint is the communication to the U.S. Bank and Trademark Office. They submit it as exhibits to their complaint, the declarations themselves. There's no question that's part of the lawsuit. I'm trying to test what else is part of the lawsuit. As I read it, they are complaining about the abuse made not only in the patent office but in other places of the documents and information the documents contained that were sent from Korea to Taiwan. And if that's right, then there is a legitimate ownership issue that has nothing to do with patent law and whether anybody eventually gets a patent here. I resent it. If I'm wrong, you can help me understand why I'm wrong. I'm just trying to understand the case. If they allege that there was an ownership issue about the documents that were exchanged, I can understand that. However, the case cannot be adjudicated in its entirety unless the court is going to address the issue of the inventorship, which is the main thrust of their complaint. Why shouldn't you make that argument to the state judge that part of the lawsuit involves things he shouldn't touch? And he can go ahead and decide the rest of the lawsuit if there is a rest of the lawsuit. Well, if there is a rest of the lawsuit, since they've already pledged that they are entitled to have ownership of what we have claimed in our patents, I don't know how the state court is going to adjudicate that. A federal court can adjudicate an issue. It's a Supreme Court. Absolutely. But, for example, in the University of Colorado case, they also dealt with the issue that they had pledged here, such as unjust enrichment. And in that case, they said, of course, unjust enrichment depends upon who is the correct inventor. But here, since these patent claims are currently pending in the United States Patent and Trademark Office, even a federal district court judge could not adjudicate inventorship. It's within the exclusive jurisdiction of the USPTO. Rather than waiting for the United States Patent and Trademark Office to decide the issue of inventorship on these pending claims, they're attempting to circumvent the USPTO and have the state court decide it. The state court shouldn't. So why should we presume that the state court is going to do something it shouldn't do? Because then it's a lawsuit that has other things in it that look, perhaps, like legitimate state court claims. On the periphery, they may have legitimate state court claims if they cut out all the patent issues, but that is not what is in their complaint. And what is the guarantee that the California state court is not going to take out these issues? And how do I get back with the record? No, we're not in the business of giving out guarantees. We're in the business of trying to decide whether a remand of the total complaint is lawful or not. And you make a good point that some of the issues and some of the claims deal with patent law. That's perfectly clear. If my assumption is right that some other issues and claims go beyond patent law, then it would seem like the complaint is properly remandable and the right action by the district judge is to decide the true state issues and leave the interference issues to the patent law. Why should we presume the state judge is going to do the wrong thing? But if one of the well-pleaded complaints or one of the well-pleaded complaint counts in the action involves a substantial question of patent law, then the entire case, if the state court is divested of jurisdiction, it has to be in the federal court. And then the federal court would then use the supplemental jurisdiction to decide all these counts that surround this substantial question of federal patent law. That avoids the problem of having state courts in the position of possibly deciding a federal patent law issue. So the supplemental jurisdiction under Douglas should dictate here, and the whole thing should be in federal court. Now that the federal court may be in a position to say, well, I can go ahead and hear under my supplemental jurisdiction some of these other issues that revolve around some of these document questions. But since these patent law claims are still pending in the U.S. Patent and Trademark Office and they have the exclusive jurisdiction, then I'm in a position to stay this until something happens. Or I can just dismiss it and they can file their case again when this becomes right. Well, maybe the state judge could and should stay the case pending patent law decisions. Perhaps they could. But again, you're asking us to assume the state judge is going to do the wrong thing. Well, I'm not assuming that they're going to do the wrong thing, but the question is whether it should be in state court in the first place, since it does, as pledged, involve a substantial question of federal patent law. I agree with that. As pledged, it will involve, at some possible date in the future, federal patent law questions if patents are issued. But on the current date of the record, there aren't even any limitable federal patent issues yet. It's all premature. It is all premature. Well, we've discussed this prematurely. The judge doesn't recommend it. But I'm not sure that that is where we want to put these issues of patent law in the state court, where the state court is possibly going to adjudicate issues of patent law that are going to be inconsistent with the federal standard. Part of the problem with- They're not going to find the patent law before any federal district judge, no matter what the state court judge might say, somehow loosely related to advantage or validity or anything. So what's the harm? Well, the harm is- Well, if a district suit is going to be backed by what the state judge says in this case? Well, if the issue is going to be that, in accordance with the remand order, that the state court, and this is what was in the remand order, that there was a recognition of a state common law right of inventorship, and that is preempted by the federal patent law under the University of Colorado, you can't have a state court using a standard of inventorship that's going to be inconsistent with the federal standard. That's why it's preempted. So we're going to have to go back down to the state court under the direction of the district court, that they can apply the state common law standard of inventorship and decide the bundle of rights that's going to be divided up between the two parties. They both have pending patent applications in the United States Patent and Trademark Office. It seems inappropriate for this dual track to go on for having the U.S. Patent and Trademark Office looking at the inventorship of these claims that they obviously dispute, and having the state court- It's not within our purview to say, well, what is the way we prefer to have these kinds of cases go forward? We have to apply the law the way it is. We're not making up new law based on what we in nice and tidy preferred arrangement. You may be right, but the latter here and there, it isn't the law. But I don't believe it was in his discretion to remand a case that involved a substantial question of patent law to a state court, particularly where he directs the state court in a remand order to apply a common law statute of inventorship or a common law standard of invention. I read him as saying, apply state common law to the ownership slash inventorship issues. But the case that he cited there in 1944 talked about a state common law right in inventorship. So if the California state court is going to apply common law inventorship, that's clearly preemptive by the federal patent law, and it would not be within his discretion to remand it to a state court under those circumstances. If you take the second step, if they can't remand it to the state court under that standard of common law inventorship because it's a federal question, then it has to be in federal court. He couldn't remand it to state court. And since it is a federal question, if you look at the fact that it's now pending in the U.S. Patent and Trademark Office the issue of inventorship, then he can't decide inventorship either. He has to wait for the U.S. TTO to make a decision. Then there's something right to talk about. He's actually really arguing that the court did not distinguish between ownership versus inventorship or the inventorship. The deck judgment, the two deck judgment claims that were made were for the invention, the inventorship itself. And that's a federal issue. It is a federal issue. So there's a bunch of strong arguments. The first two claims that were made for declaratory judgment, in fact, did implicate federal law, and they would arise under our jurisdiction under the patent laws? Yes, they definitely would. And if you look for the relief that they're asking for with the declaratory judgment action, they're asking the state court to decide the right as to inventorship between CTI and his buyer. So under those circumstances, the federal court and our state court has jurisdiction to decide those issues. So it's not going to make sure that ownership of the patent is an issue. It's an issue of the invention itself. It's who the inventors were. Who the inventors were will decide the ownership issue. Substantively. Substantively, yes. But you have to decide the inventorship first. Right. So on that basis, if, in fact, those two first claims were arising under the patent laws, what about the rest of the claims? You had 12 claims that were filed. One was the referral claim, which the court dismissed. Dismissed. Right. Well, if you look at, for example, slander of Tyler, we're still looking at Tyler 2. There has to be some property rights, some rest of the issue. And right now, that is not yet determined because the patent office hasn't passed on that issue yet. Do they raise, do those particular claims raise inventorship as a substantial issue? Well, each one of the counts resides to the conduct that is pledged. And the conduct that is pledged, if you look back into the complaints, is primarily about the fact that the act of filing the patent application and submitting the declaration of ownership was the misappropriation of their invention. That is the act that they complain of. They, in their complaint, for example, they talk about, they show the tables in paragraph 86 and 89 of their complaint, the list of competing patent applications and when they were filed. Now, when HIP FILE invented this, what they did is they did two things. In 2001, they published their article. Oh, we're more familiar with the record. Okay. Trying to establish that based upon the first two counts, there's federal jurisdiction. Yes. And the supplemental jurisdiction on 1367C would apply to the claim that now there's a substantial issue with ownership in some of those claims. Yes, there would be. Again, slander of Tyler, Tyler 2 was. They're talking about the ownership of the invention. The actual constructive fraud. Again, they're talking and referring to what they call a false statement of inventorship that was submitted to the patent trademark office. Unjust enrichment. Unjust enrichment is only going to come to be an issue once they decide the inventorship. That was actually the issue in the University of Colorado where they had to decide who was the proper inventorship under similar circumstances when there was the dialogue going back and forth between the people who were claiming to be the inventor and the University of Colorado who were claiming to be the inventor. They had to decide the inventorship issue first. And then they could decide whether or not there was unjust enrichment. Judge Holdren? Before the patent applications were filed, this patent was in existence. Okay. Someone owned it. Either it was your client or the opposing counsel's client. Somebody owned it. And there was an ownership right to that property. I'm not even sure if we can identify exactly what that property was. Whatever the property was, there was an ownership that applied to the right that the owner had who then applied for a patent. You claim you're the owner or your client claims they're the owner. And then the other side claims they're the owner. But the ownership itself actually arose before the patent application occurred. Correct. What they're claiming as their ownership interest has never been correlated to what is actually pending in our claims in the U.S. Patent and Trademark Act. No, that's not my question. My question is, didn't they own it before they applied? I'm not claiming you owned it before you applied. What we claim as ours is what we owned before we applied. Right. What they claim is theirs is what they supposedly owned before they applied. Can't that issue of ownership before the patent application was applied be determined by the state court without consideration of what is occurring in the patent office? I wish it could, but the way it is pled in their complaint, they are saying that what we have claimed in our patent belongs to them. Well, actually, what they're claiming in the first two counts, which is what we're talking about, is the first count talks about ownership. They call the item the invention. Right. And that's how they refer to it. They don't call it an invention. They just call it the invention. And then they refer to ownership in the first count. And they refer to the inventorship in the second count, which actually occurred at the time of ownership, because the inventor becomes the owner before there's any application to the patent office. And it seems to me, can't those issues be resolved by the state court? The problem, I believe, is that if the state court is going to be put in the position of trying to decide ownership, the state court can't do that without consideration of the patent application. Because they don't say anything about patent applications in either of those counts. And, of course, you can say the alternative. Well, they don't say specifically the patent application in either of those counts. It refers to the conduct that was pledged. But in those counts, they're talking about the public and adverse claims that we have made to what they consider to be their invention. And that claim is what was claimed in our pending patent application when we filed it. Because what they say is false is that it's declarations of inventorship that we submitted. So there's no doubt. Those are your false statements that they're coming with. There's no need to have a determination of patent law, because what the false statements are about is who owned it before it was applied, the patent was applied for. Isn't that the truth? I don't believe so, Your Honor. I think it's because when we filed our patent application, they're alleging that we are claiming what they own. So, as a necessity, the California State Court would have to look at what is being claimed in our patent application and decide whether or not we're the true inventors. That's not a substantial question to ask. It is. Since they're claiming that what you said was what they owned before they applied for the patent. Well, we applied first, Your Honor. Your client applied first. Well, we applied first to the United States. And they got an issue, our published Korean patent in Korea. But that wasn't the rise of the United States patent. Well, certainly the Korean patent application does not. But when you talk about whether or not inventorship is a substantial question of patent law, Hunter Douglas' case that's referred to in our briefs specifically says that inventorship is a substantial question of patent law. Inventorship of a patent. Which is what they're talking about. Well, maybe. They claim in the complaint that they're talking about that they invented before they applied for a patent in 2004, too. Unfortunately, what they've pledged is that they say that the patent application that we filed belongs to them. And so what they want to do is they want to look at the patent application and say, well, what's that? Yes. They're saying we invented X. And then later, the other side came along and filed a patent application that also claims X were part of it. Which is a class of interference type of question. Well, it may be common to interfere in questions if interference is declared. But that doesn't mean it doesn't already exist in legal contemplation of the state law issue much as older people think it does. Again, if we're going to be putting the state court in charge of deciding the inventorship of what we are claiming in our patent claim. Well, obviously, there's no way that the state judge can rule on your patent application. The state judge isn't confused about that. We're not confused about that. Nobody can be confused about that. The allowability of the pending application will be decided by the patent office and only by the patent office. And nothing the state judge can or may say will change what the patent office does. Unless the state court decides that there is something to their complaint when they're going to join us from pursuing our patent application in the U.S. Patent and Trademark Office. Based upon this fundamental right that the state court has decided under a state common law theory of inventorship. Well, again, you're in effect asking us to assume that the state judge is going to do something that would be rude for someone's faith. There's no request for that. On the other side. Injunctive. In joining you. They are asking to join us from the context that they are inconsistent with their claim to their invention without ever correlating this claim to what we're actually claiming in our pending patent application. Does their injunctive request say that you have to drop your prosecution of your pending patent application? No, it's much broader than that. And that's part of the problem at this point. Why isn't it part of the solution? Because if the injunctive request contemplates, at least in part, conduct that has nothing to do with what you would otherwise do in communication with the patent office, then how is it interfering with the patent office's exclusive control of the proceedings for you? If the state court makes a decision that it's somehow going to put us in contempt of some sort of injunction order, if we continue to prosecute our patent application because they have made some determination that we're not entitled to do that, then I don't know how we're going to get back to the federal circuit. I mean, once the state court is involved in deciding issues of federal patent law, this is my one chance to get here and say, we need to look at this and decide whether or not this is an appropriate remand or not. Could the state court provide relief to the extent that they can force you to sign that patent application? That is a possible form of relief that the state court could give. They could decide that what we're claiming in our patent application belongs to them, and under the theory that they could put forth in their complaint, have the state court force us to sign that application to tip violence. In doing so, does the state court have to determine who invented the particular kind of invention that that was? Yes, there's no way around the state court looking at the inventorship issue. He has to look at what we are claiming in our pending patent application, and he's going to have to make a determination as to whether or not we are the true inventors or not, or whether they should be added to our patent application. If that's a straightforward question, I mean, if H.I. vio wants a state court to fashion a remedy modifying the inventorship of our pending patent applications based on state law, that's definitely a crime too. If H.I. vio wants a state court to fashion a remedy modifying the inventorship of our pending patent application based on federal law, that's definitely a federal question, and the state court lacks jurisdiction. The federal court... Before you blow by that, the state courts don't necessarily lack jurisdiction to decide patent issues in the context of legitimate state claims. We get this all the time where a contract, a licensee, should be litigated in the state court, and on route to litigating whether there are contract breach damages due, they decide issues of infringement, enforceability, and validity. Three prime issues. Now, according to your argument, they can't do that because those are federal patent issues exclusively for federal courts. But that's not so. There's legitimate state court issues in the context of a state contract breach crime. But there's no contract here, number one. Well, they're saying there's an implied contract. Now, that may be baloney, it may be without merit, it may be rejected by the state court. But if there were an implied contract, how is it any different from the regular state court contract license breach case? The contract has no correlation to what we're claiming as our invention and our pending patent application. I can get some of that. You say it, but they say the opposite. Well, they do say the opposite, but... How is it the opposite? When we're talking about inventorship, this is something that specifically the court said in the University of Colorado, there is no room for a state court to assert a separate standard of inventorship from the federal patent law. And secondly, under Hunter Douglas, the court says that this issue of inventorship is a substantial matter of federal patent law, and therefore it belongs in the federal court. And we have to divest the state court of jurisdiction over this issue. But in those cases, there were patent claims. In this case, we don't have patent claims. That's true, and that's part of the problem. If Hunter Douglas were at the Colorado University of Colorado, he'd have a patent application, and he'd be totally disdainful, because there, there were concrete claims. And the inventorship of concrete claims definitely didn't go patent law into, I would say. But where you don't yet have claims, and you're talking about an unclaimed invention, you don't have the same problem of excluding a federal expense. It's actually even worse, because the property right is yet to be determined, because there were competing patent applications in the Patent and Trademark Office. And until the USPTO passes on the inventorship of those competing patent claims and determines who is the appropriate inventor, there is no identifiable property right for the dispute here. How is the state court going to decide any of these issues of unjust infringement, slander, title, etc., until the Patent Office has a chance to do its job? Then, then, a federal court... That's an argument for the state court judge to say, we need merit. I don't see how it's an argument that it's impermissible for the federal judge to dedicate the fact to the state judge. It's a good argument, but maybe they're in the wrong forum. Maybe it's an argument for the state judge. Look, how are you harmed? If the state judge does something totally black-out, and you're denied a patent, you're going to appeal, and you will be back here. You're not going to be locked out of a federal court by the remand order in dispute today. If your patent is denied, your patent application is denied, you'll be back in here by the board or by the district court, and you'll end up back in the federal circuit. So, it's not correct to say that this is your one chance to preserve the federal aspect of the state. It's not the United States. It doesn't seem that way to me, Your Honor, because for the federal district court judge to remandicate the state court to apply a state common law inventorship standard just is preempted by the federal statute. And it would be an abuse of discretion to send it back under that standard to have the state court proceed. He actually told the state court he could proceed under a state common law inventorship standard. So, in view of that, it was an abuse of discretion to remand this case to the state court. When the issue here is going to require the determination of inventorship, while it's pending in the U.S. Patent and Trademark Office. There's inventorship, and then there's inventorship. There's inventorship as to an unplanned, unpatented alleged invention, which could be a matter of contract. You and I can work on something jointly. We can make an invention, and before there's any patent application, we can have a contract between the two of us as to who's going to own any downstream rights if they mature. And there's no question the state court can adjudicate that contract case. And they can say, no, it's not correct, Michelle, as you're claiming, that you and Rose mutually agree that you would be the owner and Rose wouldn't. Contract case. They decided under ordinary contract law. What's the problem? If this had been a contract case, I would agree. They're saying it is a contract case. Maybe it's not only that they're saying that. I don't know. But they're asserting implied contract rights as one count. This is part of the lawsuit. You can't win by saying the crux is something else. If there's a legitimate state case somewhere in here, I don't see how you can show abuse of discretion. But there's a lot of things in here that may not be a legitimate state case. It only takes one count that raises a substantial federal question for the federal court to have to decide this issue. But it all has to go up. It all has to be a central element. Yes. If a general law can resolve that count, then there is no jurisdiction. Had they not pledged that we had submitted a false claim of admonishment in connection with our patent application, they might not have performed it. But they put that at issue directly in this case. We've given you 23 extra minutes in order to try to explore this clearly. You better hear it from the other side. We'll restore your request and promote it onto the road so you'll have the five minutes on the bus. Mr. Lee. First of all, good morning. Welcome to you. Please proceed. We've read the brief. We know the record. We have some sense of the issues here. So what would help us most is if you would respond to the points that Mr. Rhodes has just made. No need to repeat the brief. We've got the brief. We've read it. No need to summarize it. Just respond to what Mr. Rhodes has asserted. I think the issue here is the definition of the invention as used in the complaint and as Mr. Rhodes wants it to mean. I think the benchmarks are correct that the invention as defined in the complaint and the complaint that the doctor really refers to something a lot more than the specific claim that are in front of you. The last point is that the requested relief is that subject matter of his pending claims now pending in the patent office. Your complaint, sir, belongs to your client. We're not really referencing to the patent application. We're talking about a bundle of rights associated with this basic idea that YC1 is an effective anti-cancer drug. So I think it responds to the question. It's true that in some parts of your complaint you talk about the invention in an abstract, non-patent sort of way. But he makes the point that elsewhere in your complaint you request that the subject matter of his pending claim be declared to be your property. Does it or doesn't? You couldn't possibly do that because you don't know what the claims in the patent application will ultimately be. What you're asking is, of course, determination of these bundle of rights associated with the notion that the conception of the YC1 as an anti-cancer drug was declared in that way. You see, on the bundle of rights, it's really not an abstract. It includes two publications. We're only talking about what's in the complaint. We're not talking about what exists up in the air somewhere. He says it's right in the complaint that you claim ownership of his pending application claims. That's not correct. Well, what is it that you do claim? And show us the text. We are claiming that there is invention that we have conceived. And we're not using the invention in a patent sense. It's the notion that YC1 had anything to do with it. But the part of your complaint where you ask for relief to be declared the owner of the subject matter of his pending claim. That's not correct. We're asking to be declared the owner of the invention that we have specifically defined as his very general conception. At one point in his brief, Mr. Rose states that the invention could never be patentable because it's so private. And he's absolutely correct. Because the invention, as we use the term in the complaint from the team, did not patentable subject matter per se. What we're saying is the invention here is the novel idea that there are effective anti-cancer uses for YC1. And pre-publication data, and evidence analysis, and marketing analysis are all confidential. They're primary and valuable. And should not otherwise be appealed to the defendants, which won't take back relief when I'm pursuant to an implied agreement. So now you have your loss. On the one hand, you're saying that your entire invention for your complaint is the abstract idea that this substance might have anti-cancer therapeutic properties, period. And now on the other hand, you're saying that what your complaint deals with are all these other documents that Dr. Park sent to Taiwan. It seems like it can't be both. If the subject of your lawsuit is an abstract concept, which you're calling an invention, it can't also be all that detailed data that was sent over in your documents. Well, I think, John, the key concept here is what is this thing that's being taken from us? In this case, the thing is a bundle of valuable information that is associated with the notion of discovery that YC1 is an effective anti-cancer drug. Now, some of that information is very valuable and could be used for the preparation and filing of a patent. I'm still not with you. Either the invention is all the data we documented, or the invention is simply, able in one sentence, the idea that this compound can fight cancer. It's as we define it as a quiz. Yes, Your Honor. It's the format we have used in the invention. And it's not any of the doctrine. It is what aspects of the invention are really disclosed in the doctrine, and sort of pre-publication data as we refer to it in this section. Well, you have to be told in this part. I can't follow you. Either the invention is a simple idea, or it's hundreds of pages of details in a whole lot of different documents that were sent to Taiwan. It seems like it can't be both. It seems like you need to make up your mind which it is. Yes, Your Honor. The invention, as we define it and we complain, is the broad idea. But what we are alleging to have been taken from us, from the plants, is more than just the invention. It's the invention plus all these valuable pre-publication data and experimental information and research protocols, for instance, which have been released to the defendants. So I don't think there's really a confusion. We're specifically defining the term invention for the purposes of tweeting it. But what we are alleging to have been taken from us is a lot more than that. We incorporate it. We also incorporate these other tangible, proprietary to this information that has been released to defendants. We just want to unify it in a new way. Aren't you also seeking in your complaint some determination about it also that there may have been an invention? No, I would agree that this would not be the proper procedure for accomplishing what I am doing. This is not the proper procedure for determining the inventorship, for instance, of the specific invention that's claimed and claimed in the patent application. In fact, this law is a good one. But how is there any false statement that you have introduced to them other than the statement that they made to the Patent Office that they are the owners and subject matter of their pending application? Well, again, I mean, I'm going outside the feeding of it. They have representatives of the USFDA, for instance, that they own. And they were Jewish. They resided there. Well, don't go outside the complaint because we're bound by the complaint. You can't escape from anything that's in it. And he can't either. That's all that we have to report is this complaint. Yes. Can it trade for a minimal yes or no? That's all that's reported. We have allegedly a complaint that the defendant have informed the FDA that they, in fact, were the inventors. And they own the anti-cancer complications of what they did. They must have informed the PTO. The FDA. Oh, the FDA. That's also in here? Yes, sir. How do you really amplify on the issue of Section 89 of the complaint where you alleged that it's the discovery of the invention, the invention's capital. It's on page 272. The name of a particular inventor has discovered that the invention model many parts in turn. Is that really a question of inventorship that you're raising at that point in time? What is that statement in the complaint? And then you analyze the defendant's patent application, your patent application. What is the allegation there? The allegation is that the defendants have told not only the US PTO, but the rest of the world that they are, in fact, the originators of the invention. The inventors. Right? So the inventorship is an issue. The inventorship of what was taken over. The inventorship is an issue. Is it? What is an issue then? When you allege the inventors were not properly named, pursuant to allegation number 89. It's an inventorship of what was taken from us. Not the invention. Yes, sir. So the question is whether or not the proper inventors were named, and who the inventors are. That is an issue. It's a question of inventorship. Yes, sir. Is that a federal question on the patent lawsuit? It is not a federal question. It's true inventorship. It is part, actually, of your right to investigate law. No, I'm saying under the allegation made in the initial point, number 89. In other words, is it a necessary element of the cause of action you plead in paragraph 89 to resolve inventorship of subject matter of the pending application? No, Your Honor, because we're not really claiming, we're not petitioning the court or anybody else for a correction of inventorship, or a determination of who invented or owned the patent. Well, that's not a question to be saying or not. But Judge, there are some questions implied. And I worry that maybe you are, even though you don't say so explicitly. Well, if you're not asking the court for that determination in this case, the state court judge, then we will not get there in the future. What we're trying to clarify is what are you, in effect, asking the state court to rule? And I think it's a judge-by-judge discussion should be my question. Aren't you, among other things, many other things, but aren't you, among other things, asking the state court to declare that you own the subject matter of the co-pending application? Well, we can't tell. Because we don't know what the remaining claims on the determinant of the patent application will ultimately be. What we are asking for is a determination of who invented or who conceived this notion, this invention, the general notion that YC1 is anti-cancer property. So we claim to be a valuable novel idea. And ultimately, some aspects of that might be possible. Ultimately, it might be an issue on behalf for the benefit of the defendant. If you are declared the owner of the very idea, then don't you automatically become the owner of any little subpart that might end up in an issued claim? Not necessarily, Your Honor. In fact, it's sort of. Well, how do I say that? If you say, I own the whole state of Illinois, and then the question is of whom, Chicago, that's already been resolved. He who owns the state of Illinois also owns Chicago, the lesser included part. So if he grants the release you asked for in paragraph 89, maybe he is indirectly precluding any different answer by the patent office. Well, the fact that I'm the 30th owner, or my client is the 30th owner of a general idea doesn't mean that's unnecessary. It's very good to be the owner of a future potential patent issue, which might refer to that general idea. The patent is ultimately my issue. Out of this general right, it would be much narrower. And the notion that my client would have to provide the general content would now be patentable. But there are some aspects or applications of it is patentable, and you're the sole originator of the very idea. Then how could anybody else end up owning a patent for some specific application of that general idea? The claim that my issue down the road could be narrowed down so that the general concept might not be deemed to be a neighboring concept. I think there could potentially be scenarios where Youngshin might end up receiving a patent on a narrow claim that is logical. Perhaps uses the experimental data that they receive from the plaintiffs in connection with this general concept or general invention. That's a possibility. I don't agree. The plaintiffs are certainly not making the claim that a determination of ownership of this general idea or general invention inside a different claim determines the ownership of the patent. Is there any precedent you can study whereby so general an idea has been resolved by a state court as to ownership slash inventorship? Well, there's a long-standing line of California cases that deal with laws of ideas, most of them based on the rights and duties and obligations arising out of inflected contracts. But that's not my question. My question is whether there's any state law case where state law jurisdiction was recognized where the subject matter as to which you assert rights of ownership and inventorship is so vague and abstract and broad as in this case. I would not be able to cite a specific California state law case that deals with part of the case. Any state, any federal court, is there any precedent where a state court has been allowed to decide inventorship and ownership of an alleged invention of this huge breadth? Well, under California law, a general idea of a movie or a storyline or even a show would be protectable under the theory of inflected contracts. And again, it's not a problem. I'm talking about utility practice. Come on, let's not talk about copyright for movies or something. Is there any precedent where an invention that would arguably be eligible for protection by an issuance of a utility patent was decided by a state court where the claim was to this broad of an idea? Well, I'm unable to cite a state law case dealing with pharmaceutical inventions. But again, I believe that a California case dealing with protection of an idea is applicable to this dispute in the sense that under California law, the theory of inflected contracts can protect a general notion. A general notion that might not even be protected, but might under copyright law, for instance, that insures the same law should be applicable. A case law should be applicable to protect the general idea that this chemical product does anything to the situation. I'd like to remind the court that the thing that was taken is not limited to this general idea. There are very concrete pre-publication research data, very concrete business and marketing analysis, and analytical materials. Proprietary and confidential information should be used to defend this pursuant to understanding between the parties. So yes, the thing, again, the thing that was taken from the claims goes beyond this general concept of a general idea. And again, I know that under California law, even a general idea or a very broad idea that might not be protected. I'm going to repeat that. I've said it at least three times in the last 90 seconds. Let me ask you this. Suppose that the state judge adjudicates the merits of this case based on agreement, assuming this settlement. And he orders that if any patent is issued to Mr. Rhodes's client, must assign ownership rights in that patent to your client. Assume that that series of events happens. Now, why wouldn't that constitute a state court overruling the inventorship determination in an interference by the patent? Because the inventorship in that case refers to the issue of ownership. Who owns the invention? Well, I think you're not answering the question. In that hypothetical, wouldn't the state judge find state law has effectively overruled the interference decision of the patent office, which is going to say, he's the prior inventor. It is patentable. He gets his claims as a result of his interference. But meanwhile, the state judge says, well, he gets them. But only for one nanosecond. Because I, the state judge, have declared that the true owner of his application claims is your client. Your Honor, I believe the issue of inventorship and ownership could have been adjudicated by the state court judge. The problem here is that this hypothetical interference might never happen. And the real issue is, should everything be put on hold until the patent office allows the application to run through its course, then this hypothetical interference decision might never happen. No claim might be issued to Mr. Rose. If no claim might be issued, why is it that more reason to not have a state court lawsuit rather than to now have a state court lawsuit, as you're suggesting? Because the injury to the plaintiffs today, right now, is very much in concrete. And in this case, the saying that justice delayed is justice denied is absolutely true. Young-Shin, a very large Taiwanese pharmaceutical company, pit-filed with Sutter. Without having colloquial rights to import intellectual property or portfolios, young participants will not survive. They cannot afford to wait two, three, four years for the interference proceeding or the application or the prosecution of these very patents to run its course. They will be dead by then. That's the simple reality. And there's nothing in the case law that requires the state court judge to act immediately to protect the state law case record. What about the federal rights that would be involved in this case? The intertwining. The letter that you allege the right to inventors in your complaint, you're alleging inventorship. So isn't that really a challenge, once again, to the inventor? Is the common law requiring that inventorship per se in the 1934 case, which was a federal district court case? Is there such a provision under California law to determine inventorship? A particular thing you mentioned? Well, to the extent that inventorship and ownership are intertwined, and the state law judge. No, beginning with ownership. Let's talk about inventorship. Is there a provision under California law to determine inventorship? Yes, Your Honor. To make your point. Yes, Your Honor. The California law states that the person who conceives of an invention is the owner. Common law or statute for common law, Your Honor? Common law, yes. And that has not been superseded by the general plan? We do not believe that it has. And in fact, one of the things that we do refer to the inventorship and ownership of the general concept of invention and the associated proprietary business information. But obviously, we're not seeking the patent on this to do anything. We're not doing anything. But you're trying to ascertain the rightful merits in your complaint. You're alleging the rightful merits. But you're not following the proper patent application. That's an allegation that we make, but we're not. The remedy that you're seeking is not a correction. It has nothing to do with anything in the purview of the patent. But your allegation has to be supported. And the relief that you're asking for is a determination of inventorship. Determination of inventorship of the things which were taken into place, Your Honor. Correct. Of the invention. Of the invention, yes, Your Honor. Why should your complaint be construed as simply an attempt to preempt the patent office interference proceeding that could occur? Because you're not really seeking any objective relief that had anything to do with what's occurring at the U of M. Well, to the extent that the subject matter overlaps If the subject matter is totally different, you would be correct. But let's assume that the subject matter is either identical or overlapping with the subject matter of the two pending potentially interfering patent applications. In that event, why should your suit be construed as an attempt to preempt the patent law decision from being made by the Patent and Trademark Office? Well, that's the fact that what happens every time a state court judge rules on an issue of ownership, for instance, or contract rights. In fact, the established case law indicates that even a state law judge is not able to rule on issues in relation to validity as long as that issue is ancillary to a state law cause of action. So the fact that the inventorship of some of the things that the defendants are claiming their own patent applications might be involved in is not sufficient to create federal law enforcement. Why not? Because it's only an issue, again, that's ancillary to the resolution of a state law cause of action. The real question here is whether you should be permitted by a district judge in the context of the reasoning he proceeds to determine ownership and inventorship of subject matter that appears to be the same subject matter that's pending in front of the Patent Office. Which, in fact, might or might not. Just depending on how the prosecution of the defendant's application turns out, all the claims might be. Both applications might be denied. Maybe the invention of the claim in both applications would be found to be a topic. But no one would get a patent. But obviously, everybody is concerned about, if there is a patent, who's going to own it? And you want the state judge to say, he owns it. Mr. Rhodes wants the Patent Office in an interference context that may arise from interference here. So maybe it's interference to carry out this function together. That's the normal way it's done. I think that's putting the cart before the horse. He can say the opposite. He can say, yes, it doesn't help us. He can find the cart. Again, I think some of the case laws, of course, our position is AP&T versus an integrated network corporation, which I cited in the briefs. There's a more recent case, Euro Class D versus Advanced U.S. Finance 239-3D-477, which makes the same point. In fact, you can have misappropriation of trade secrets in future contracts, which can usually be claims based on violations of state law that implicate pending applications or issued patents that is not in the law, does not raise a federal law question. And our situation is that none of those cases are the facts of those cases. But if they prove that there's a rightful inventors, then they might be able to state something. I think the key is that there are rightful inventors of what? The plaintiff would be adjudicating before the state court judge who owns the invention whether that invention is really what's being patented or will be patented or patented at all are two separate issues. And to put the state law proceedings on hold when there's real injuries with the plaintiffs, and when the issue is involved, and the fact involved, and the evidence involved, and the legal theory involved, they're truly based on state law. Well, they would not be put on hold because the federal court could also try those on the settlement of their association cases under 1567. So they would not be put on hold. They would be tried as part of the inventorship issue, which in fact would be the federal question of issue. And then the law is mostly written by it. Again, the decision to remand, I think, is still discretionary. That's a problem. I'm not a judge. And we cannot believe that it is discretionary. There is clearly established case law that says that state law judges are fully entitled to decide on issues of federal patent law as long as the court claims that they are based on state law. Thank you. One final point is that Mr. Rhoades does make reference to the fact that the California Uniform Patency Procedure Act. And I don't want to get too into the fact of the statute on the remaining state law classifications. I think your point is quite common to correct that. The issue here is not the merits of the allegations that were claims that the court made to the plaintiff in the remand order issued by the child judge. But nonetheless, I'd like to point out that there are exceptions. The California Uniform Patency Procedure Act expressly provides for exemptions on state law claims based on contract that would not be granted otherwise. Isn't the risk of an inconsistent state court judgment one of the factors you're supposed to look at in deciding the remandability of claims at an object like this? It would be. But I think we were just talking about that as a moment. Oh, wait, wait, wait. If that is one of the tests of remandability, then we can next ask, is there a risk here that a future state court decision by the judge in Washington will be inconsistent with the future decision of the patent office in the United States? And it looks to me like there is such a risk. Because the state court judge might say that it's a subject matter of the pending application that's owned by your client, not by anybody else. The patent office, perhaps, would resolve the inventorship dispute by saying that no, no, the subject matter in common of the two pending applications is owned by Mr. Rose's client. It would be a direct clash. The state judge would say, you own it. And the federal patent office judge would say, Rose's client owns it. Totally inconsistent. Yes. But if there's a risk in that, why should we allow remand? Because the state court judge is not being asked to be specific on that issue. In fact, who cares about specifically versus implicitly? The practical effect would be that the state judge would say, you own it. The patent office ruling would say, he owns it. You reconcile the two in common. But the issue is you own what? The state court judge is sitting and determining who owns the concept of the invention of the state law. We're changing my hypothetical. The hypothetical was, if the state court judgment concerns the subject matter, then it overlaps the subject matter of the co-pending application. If it's the exact subject matter? Overlap. I think that's an issue where I was motivated against having the state court judge rule on it. But again, the case law states that the state law judges are not barred. In fact, may this be of concern? We know the case law. It's not disputed. This is a Rose's case. We all agree that in a typical contract case, there's no problem with patent issues being decided by state court judges in a legitimate state court case like one in every contract. But this case may be quite different. Because in this case, there's a significant risk, I surmise, in totally inconsistent judgment of the state court. Now, you disagree. You say, well, it's back to the news, or it wouldn't happen, or unlikely, don't worry about it. We don't know yet. But it's a little ironic that a state judge can decide this issue now, because it appears that the federal judges, if they came to a decision, did not decide this issue. Well, I mean, the state court judge is being asked. Again, I'm not trying to change my hypothetical. But the reality is that the state court judge is being asked to rule on an issue that's much broader and actually different from the tactical subject matter. So they might get a little out on the issues. Do you agree that the federal judge, if he retained jurisdiction, could not or should not decide convention with respect to the co-pending application? I think that's correct. He could not just possibly do so. And could he do so indirectly by defining an invention and then saying, your client owns it, or conversely, his client owns it? But the same effect or the same result would come about when it becomes a judge, a state law judge, who's an issue of ownership. One of the elements of patentability is that you have the owner who's prosecuting the application. Well, what happens if the state law judge was on the ownership? Would that give rise to inconsistent results? Yes, there's a possibility as well. But that does not prevent the state law judge from deciding the issue. I don't understand your answer. It's such a big question. Because it doesn't look like if he retained jurisdiction, he could or should decide the invention issue with respect to the co-pending application. The issues that he would be asked to be adjudicating would not be any different from the same issues that the state court is being asked to adjudicate, which is the theft of the confidential information, pre-publication data. The general invention would be defunded with a construction of a white fiance, a use of white fiance as a main pretense. But none of which is overlapping exactly with the subject matter of the invention. It's not overlapping exactly. It's not the same path, both subject matter and the invention. How do we know that? You say it. You say it isn't. He says it is. How are we supposed to decide? Through the co-pending? Well, the invention would be defunded with the idea that white swan has anti-angiogenic, anti-cancer effects. I don't think it's supposed to be that the general idea is not good practice. It's not enabling, and it's not happening. However, nonetheless, somebody can be the owner or originator of such an idea. That's what we're trying to determine. Thank you. Thank you, Mr. Lee. Mr. Rose. Mr. Rose, I attribute to you a comment about how you would define the park, how you would define the forest. Do you want to explain that to define it? No, no. Thank you, sir. I'm not sure how to address parks and forests in my actuation at that time. However, it was interesting, one comment that was made. And that is that they have no idea what is being claimed in our opinion at an application. Nevertheless, as fled, they're alleging that we falsely claimed to be the inventor of, quote, their invention. The other thing that I was thinking about during that response was if this was in the federal court and the federal judge was deciding this issue. And he was faced with this issue of pending, co-pending patent applications and pending claims of both parties. And whether or not he would have jurisdiction to decide the ownership of those issues. And if under the case law, he says, no, I don't because the patent office has exclusive jurisdiction to decide the issue of inventorship of pending patent claims. Can he then go forward with the other counts and make decisions as to those counts? For example, what happens to his ability to adjudicate his claim to a pilot? Isn't he going to have to go back and say, I can't decide that right now because I don't know what in terms of patent claims. I have to wait for the patent office to pass on that. And then I might have a property right that I can address. There's no concrete property right here that's at issue. Yet they say that we falsely claimed to be the inventors of their subject matter when they admit that they have no knowledge of what's pending our claims. The other item is, of course, the continued representation that a state court could somehow appropriately address inventorship issues. And that may be something that could be done if this was in the context of someone fighting over an assignment issue, that they're the owner of an assignment to a patent. But that's not the context that this is in. This is an absolute allegation as referenced, for example, in Paragraph 800 of the claim, where they say that we continue to prepare and prosecute patent applications, reporting to disclosing invention and naming Lee and Tom as the inventors and discoverers, while admitting our claim to China and submitting this information to the U.S. mail, that falsely identify Lee and Tom as inventors. But as we all know, the inventorship issue depends on what is exactly being claimed in the patent application. I'd like to ask a little bit. Wasn't that really part of their allocation to the repo count that was dismissed? It was yours. Using the United States mail as a predicate, and the judge actually threw that part out. Well, he did throw that part out. But there are other parts of the claim that make the same allegations that are not part of the repo count. I have tagged that one as one that was easy for me to reference. Thank you. The reason I'm basing it on writing is because they really, on the other side of their allocation, were really using that and using the United States mail. They were not necessarily saying, oh, it's the patent application. I guess the only way to address that is, for example, we can reference their claim under declaratory judgment for ownership, inventorship, slander, or title. They reference not only those acts or outliers in the repo count. They reference all the conduct in all parameters directly relevant to their allegations. And I probably shouldn't take the time to go through here and pull out other examples. The other item, of course, that I was referring to earlier was this whole idea of whether or not it's correct that, in this context, they can really go forward in a state court and have the state court decide the issue of inventorship. And I'd just like to refer again to the University of Colorado Foundation, which says that the field of federal patent law claims in the state law for courts to define rights based on inventorship. An independent inventorship standard under state law would likely have different requirements and give rise to different remedies in federal patent law. A different state inventorship standard might grant property rights to an individual who would not qualify as an inventor under federal patent law or give greater rights. And I think that gets back to Chief Judge Michelle's comment that if the state court decides that they own Illinois, are we not going to be precluded from saying that we have some rights in Chicago? So I think that's an important thing to keep in mind. And unless you have any further questions, I'd probably should conclude this now. Thank you both. And take the case under review.